IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DAOJAI F. PETERS, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   Case No. 6:24-cv-03187-MDH |
| FRANK BISIGNANO,<br>Commissioner of the<br>Social Security Administration, | ) ) ) ) ) |
|     Defendant. | ) ) |

## ORDER

Before the Court is Plaintiff Daojai Peters's appeal of Defendant Social Security Administration Commissioner's ("Commissioner") denial of her application for disability insurance benefits under Title II of the Social Security Act and her application for supplemental security income under Title XVI of the Social Security Act. Plaintiff has exhausted her administrative remedies and the matter is now ripe for judicial review. After carefully reviewing the record, the Court finds that the administrative law judge's ("ALJ") decision is affirmed.

## BACKGROUND

Plaintiff filed her application for disability insurance benefits on April 13, 2021, and her application for supplemental security income on May 28, 2021. (Tr. 15). In both applications, the Plaintiff alleged disability beginning June 1, 2020. The ALJ found that Plaintiff had the following severe impairments: diabetes with polyneuropathy; degeneration of the left shoulder; degeneration of the thoracic spine; degeneration of the lumbar spine; and obesity. (Tr. 16). However, the ALJ found that Plaintiff did not have an impairment or combination of impairments listed in or medically equal to one contained in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 18). The ALJ

determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except for the following:

> The claimant can lift and carry 20 pounds occasionally, 10 pounds frequently. The claimant can stand and/or walk 6 hours in an 8-hour workday. The Claimant can sit 6 hours in an 8-hour workday. The claimant can push/pull same weights. The claimant can have no climbing on ladders, ropes and scaffolding. The claimant can occasionally climb ramps and stairs. The claimant can frequently balance and occasionally stoop, kneel, couch and crawl. The claimant can perform frequent handling, fingering, and feeling with the right upper extremity. The claimant must avoid concentrated exposure to vibrations and hazards such as unprotected heights and dangerous moving machinery.

(Tr. 19). The ALJ additionally found that Plaintiff is capable of performing past relevant work as a waitress stating the work does not require the performance of wok-related activities precluded by the claimant's RFC. (Tr. 26). The ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from June 1, 2020, through the date of the decision. *Id*.

## STANDARD

The Court's role in reviewing an ALJ's decision is to determine whether the "findings are supported by substantial evidence in the record as a whole." *Page v. Astrue*, 484 F.3d 1040, 1042-43 (8th Cir. 2007), *citing Haggard v. Apfel*, 175 F.3d 591, 594 (8th Cir.1999). "Substantial evidence is relevant evidence which a reasonable mind would accept as adequate to support the Commissioner's conclusion." *Id*. "The fact that some evidence may support a conclusion opposite from that reached by the Commissioner does not alone permit our reversal of the Commissioner's decision." *Id., citing Kelley v. Barnhart*, 372 F.3d 958, 961 (8th Cir.2004); *Travis v. Astrue*, 477 F.3d 1037, 1040 (8th Cir. 2007). If the record contains substantial evidence to support the Commissioner's decision, the Court may not reverse the decision simply because substantial evidence exists in the record that would have supported a contrary outcome. *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). In other words, the Court cannot reverse simply

because it would have decided the case differently. *Id., citing Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). Further, the Court defers to the ALJ's determinations of the credibility of witness testimony, as long as the ALJ's determinations are supported by good reasons and substantial evidence. *Pelkey v. Barnhart,* 433 F.3d 575, 578 (8th Cir. 2006).

## DISCUSSION

Plaintiff argues only one point on appeal. Plaintiff argues that the ALJ summarily concluded that Plaintiff can return to her past relevant work, however the ALJ failed to provide specific findings or analysis regarding the physical and mental demands of this work, as required by Social Security Ruling ("SSR") 82-62. Specifically, Plaintiff argues that the only finding of fact was that Plaintiff is capable of performing past relevant work as a waitress as generally and actually performed. Further Plaintiff argues that a finding of fact as to the physical and mental demands of the past job/occupation were not specifically provided as required by SSR 82-62. Additionally, Plaintiff argues that there is confusing information provided about other occupations that were not part of the hearing testimony or Plaintiff's work background. Defendant argues that the ALJ fully investigated and then identified Plaintiff's work capacity; determined the waitress, informal job demands; and matched Plaintiff's abilities to her past job requirements. As such, Defendant argue the ALJ correctly applied the legal standards and substantial evidence supports the decision.

SSR 82-62 requires that an ALJ has an obligation to "fully investigate and make explicit findings as to the physical and mental demands of a claimant's past work and to compare that with what the claimant herself is capable of doing before he determines that she is able to perform her past relevant work." *Rosa v. Astrue*, 708 F. Supp. 2d 941, 956 (E.D. Mo. 2010) (quoting *Groeper v. Sullivan*, 932 F.2d 1234, 1238 (8th Cir. 1991)). Moreover, where the record contains substantial evidence that claimant can perform past work, the ALJ's failure to develop past work record in

3

full detail does not require remand. *Rosa v. Asture*, 708 F. Supp. 2d 941, 956 (E.D. Mo. 2010); *see also Battles v. Sullivan*, 902 F.2d 657, 659 (8th Cir. 1990). Further SSR 82-62 requires that an ALJ in finding that an individual has the capacity to perform a past relevant job, must include in the determination or decision must contain among the findings the following specific facts: (1) a finding of fact as to the individual's RFC; (2) a finding of fact as to the physical and mental demands of the past job/occupation; and (3) a finding of fact that the individual's RFC would permit a return to his or her past job or occupation. *Titles II & XVI: A Disability Claimant's Capacity to Do Past Relevant Work, in Gen.*, SSR 82-62 (S.S.A. 1982).

The Court finds there is substantial evidence in the record that the ALJ provided specific findings/analysis regarding the physical and mental demands of waitressing as required by SSR 82-62. As stated above, the ALJ needed to include in his decision a finding of fact as to the individual's RFC, the physical and mental demands of the past job/occupation, and that the individual's RFC would permit a return to Plaintiff's past job or occupation. As to the first finding of fact, the ALJ articulated Plaintiff's RFC as to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) with exceptions as stated above. (Tr. 19). The ALJ 's rationale for the RFC was based upon the objective medical evidence, other evidence and Plaintiff's symptoms. *Id*. As to this point the Court finds there is substantial evidence in the record to find the ALJ has sufficiently detailed findings of fact as to the individual's RFC.

As to a finding of fact as to the physical and mental demands of the past job/occupation, and that the RFC would permit a return to his or her past job or occupation, the ALJ sufficiently addresses these points in his decision. The ALJ decision states:

> The vocational expert testified that the claimant had the following past relent work: waitress, DOT # 311.477-030, svp 3, light as generally and actually performed. . . In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to

4

> perform it as actually and generally performed. The vocational expert, in response to a question from the undersigned accurately reflected the above residual functional capacity, compared the requirements of waitress to the claimant's restrictions and found that the claimant was capable of this job as both generally and actually performed per the Dictionary of Occupational Titles (DOT) in general performance.

(Tr. 26). DOT # 31..477-030 defines the RFC necessary for the performance of the job of waiter/waitress. It defines the requirement for the job as:

> Light Work – Exerting up to 20 pounds of force occasionally (Occasionally: activity or condition exits up to 1/3 of the time) and/or up to 10 pounds of force frequently (Frequently: activity or condition exists from 1/3 to 2/3 of the time) and/or a negligible amount of force constantly (Constantly: activity or condition exists 2/3 or more of the time) to move objects. Physical demand requirements are in excess of those for Sedentary Work.
>
> Reasoning: Level 3 – Apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variable in or from standardized situations.
>
> Math: Level 2 – Add, subtract, multiply, and divide all units of measure. Perform the four operations with like common and decimal fractions. Compute ratio, rate, and percent. Draw and interpret bar graphs. Perform arithmetic operations involving all American monetary units.
>
> Language: level 2 – READING: Passive vocabulary of 5,000-6,000 words. Read at rate of 190-215 words per minute. Read adventure stories and comic books, looking up unfamiliar words in dictionary for meaning, spelling, and pronunciation. Read instructions for assembling model cars and airplanes.
>
> WRITING: Write compound and complex sentences, using cursive style, proper end punctuation, and employing adjectives and adverbs.
>
> SPEAKING: Speak clearly and distinctly with appropriate pauses and emphasis, correct punctuation, variations in word order, using present, perfect, and future tenses.
>
> SPECIFIC VOCATIONAL PREPARATION: Level 3 - Over 1 month up to and including 3 months.

311.477-030 Waiter/waitress, Informal, DICOT 311.477-030. Comparing Plaintiff's RFC to the physical and mental demands of the job, the ALJ correctly identified Plaintiff is capable of this

5

type of work. Further, the ALJ noted that Plaintiff had previously performed this type of work in the past. The Court finds that there is substantial evidence in the record to find that the ALJ had stated findings of fact as to the physical and mental demands of the profession of waitress and that the RFC would permit a return to this profession. For the reasons stated, the Court finds the ALJ properly concluded Plaintiff could return to this line of work.

## CONCLUSION

For the reasons set forth herein, the ALJ's final determination is **AFFIRMED.**

**IT IS SO ORDERED.**

DATED: September 9, 2025

                                          */s/ Douglas Harpool*
                                          **DOUGLAS HARPOOL**
                                          **UNITED STATES DISTRICT JUDGE**